2026 IL App (4th) 260369

NOS. 4-26-0369, 4-26-0370 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 8, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| MICHAEL ANDREW FORD, | ) | Nos. 23CF65 |
| Defendant-Appellee. | ) | 23CF811 |
| | ) | |
| | ) | Honorable |
| | ) | Peter W. Church, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court, with opinion.
Justices Zenoff and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1        The State appeals from a trial court order denying the State's petition to revoke the pretrial release of defendant, Michael Andrew Ford, pursuant to article 110 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/art. 110 (West 2024)), commonly known as the Pretrial Fairness Act. The State argues the court erred in its conclusion that out-of-state criminal offenses could not be the basis for revoking pretrial release. For the following reasons, we reverse the court's order and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3        Defendant was charged by information on January 18, 2023, in case No. 23-CF-65 with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2022)). Bond was set at $50,000 and an arrest warrant was issued. Defendant was arrested on October 29, 2023, and

on October 30, 2023, defendant was charged by information in case No. 23-CF-811 with unlawful possession a weapon by a felon (*id.*), resisting or obstructing a peace officer (*id.* § 31-1(a)), and obstructing identification (*id.* § 31-4.5(a)(2)). Also on October 30, a public defender was appointed to represent defendant in both cases and filed on defendant's behalf a motion for pretrial release in case No. 23-CF-65. The State filed a petition to deny pretrial release in case No. 23-CF-811.

¶ 4　　　　A single detention hearing was held on October 31, 2023. At the hearing, the State added it was also seeking to deny defendant pretrial release in case No. 23-CF-65. After the hearing, the trial court entered an order detaining defendant pursuant to section 110-6.1(a) of the Procedure Code (725 ILCS 5/110-6.1(a) (West 2022)), finding the State proved by clear and convincing evidence the proof was evident or the presumption great that defendant committed a detainable offense, defendant posed a real and present threat, and there were no less-restrictive means other than pretrial detention to mitigate that threat. Defendant appealed the detention, and the appellate court affirmed. See *People v. Ford*, 2024 IL App (4th) 231169-U, ¶ 37.

¶ 5　　　　On April 3, 2024, the trial court entered an order granting defendant pretrial release by agreement of the parties. Mandatory conditions of release were imposed, as were several additional conditions, including: (1) defendant was not to leave Illinois without permission of the court, (2) defendant must refrain from possessing a firearm or other dangerous weapon, (3) defendant must undergo a mental health evaluation and take prescription medications as prescribed, and (4) defendant was subject to GPS electronic monitoring.

¶ 6　　　　A pretrial bond violation report was filed on July 1, 2025, asserting defendant failed to charge the GPS monitoring device on June 29, 2025. Thereafter, defendant failed to appear in court on August 7, 2025, for a status hearing, and a warrant was issued for his arrest.

¶ 7　　　　Defendant was arrested on September 13, 2025, the same day the State filed a

verified petition to revoke or modify defendant's pretrial release conditions pursuant to section 110-6 of the Procedure Code (725 ILCS 5/110-6 (West 2024)). The petition alleged defendant violated a pretrial release condition; specifically, defendant failed to charge his GPS monitoring device on June 29, 2025, allowing its battery to die, and failed to appear in court on August 7, 2025. On September 15, 2025, the State orally modified the petition from a petition to revoke or modify to a petition for sanctions pursuant to section 110-6(c) of the Procedure Code (*id.* § 110-6(c)), with no objection from defendant. Also on that same day, an amended pretrial bond violation report was filed, adding violations for defendant's failure to keep his GPS monitoring device charged on July 30, 2025, and for removing the GPS monitoring device on September 13, 2025. After a hearing, the trial court granted the petition for sanctions, finding defendant violated his conditions of pretrial release and sanctioning defendant to 14 days in jail.

¶ 8        On September 19, 2025, the State filed a verified petition to revoke or modify the conditions of defendant's pretrial release pursuant to section 110-6 of the Procedure Code (*id.* § 110-6). The petition alleged defendant violated a condition of his pretrial release and was arrested for a felony or Class A misdemeanor while on pretrial release. The subject offenses were committed in Scott County, Iowa, in 2025, while defendant was on pretrial release in the instant cases. The offenses noted as felonies in the petition were possession of a weapon by a felon, trafficking in stolen weapons, and two separate instances of unauthorized use of a credit card over $1,500. The petition also alleged defendant committed nine misdemeanors and three traffic offenses.

¶ 9        The trial court initially denied the State's petition based on collateral estoppel or law of the case, reasoning the Iowa offenses could have been raised in the September 13, 2025, petition. The State filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff.

Apr. 15, 2024), noting the September 13 petition was amended to a petition for sanctions, and the trial court's ruling on September 15, 2025, was only with respect to defendant's failure to comply with pretrial release conditions. The petition to revoke was refiled on September 19, 2025, after the State received more information from Iowa. Upon rehearing, the court concluded collateral estoppel and law of the case did not apply. However, the court upheld its denial of the State's petition, holding that out-of-state offenses could not be a basis to revoke defendant's pretrial release under section 110-6(a) of the Procedure Code (725 ILCS 5/110-6(a) (West 2024)).

¶ 10 The State filed a second motion for relief, challenging the new basis for the denial of its petition to revoke defendant's pretrial release. Attached to the motion was a list of the Iowa offenses, including statutory descriptions for each from the Iowa Code and comparisons to similar provisions of Illinois law. Several of the Iowa offenses were comparable to felonies and Class A misdemeanors under Illinois law. The trial court denied the motion for relief, determining the plain language of section 110-6(a) of the Procedure Code only authorized the revocation of pretrial release for felonies and Class A misdemeanors committed in Illinois.

¶ 11 The State filed an appeal pursuant to Illinois Supreme Court Rule 604(h)(1)(ii) (eff. Apr. 15, 2024).

¶ 12 II. ANALYSIS

¶ 13 The State contends the trial court erred in concluding the revocation of a defendant's pretrial release for criminal offenses committed outside of Illinois was not authorized by the Procedure Code.

¶ 14 Pretrial release is governed by the Procedure Code, under which it is presumed all criminal defendants are entitled to pretrial release. 725 ILCS 5/110-2(a) (West 2024). Revocation of a defendant's previously granted pretrial release, modification of conditions of pretrial release,

- 4 -

and sanctions for violations of conditions of pretrial release are controlled by section 110-6 of the Procedure Code. *Id.* § 110-6; *People v. McClure*, 2024 IL App (5th) 240027, ¶ 25. Section 110-6(a) of the Procedure Code states:

> "When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State.
>
> * * *
>
> *** The court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged. The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2024).

¶ 15      Thus, under section 110-6(a) of the Procedure Code, a trial court may revoke a defendant's pretrial release if the State proves (1) the defendant was charged with a felony or Class A misdemeanor and (2) by clear and convincing evidence, there are no conditions or combination of conditions of release that would reasonably ensure the defendant's appearance at later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. *McClure*, 2024 IL App (5th) 240027, ¶ 26.

¶ 16      A. Felony or Class A Misdemeanor Charges While on Pretrial Release

¶ 17        Defendant does not challenge the premise that a trial court may revoke a defendant's pretrial release if the defendant is charged with a felony or Class A misdemeanor that allegedly occurred while the defendant was on pretrial release. Also, defendant does not dispute he was charged with the crimes listed in the petition to revoke. Defendant contends, however, those crimes occurred in Iowa and the plain language of section 110-6(a) of the Procedure Code only allows for revocations of pretrial release when a defendant violates Illinois law; *i.e.*, pretrial release can only be revoked under section 110-6(a) of the Procedure Code when a defendant commits a felony or Class A misdemeanor in Illinois. As all the charges were in Iowa, defendant contends the court was correct in concluding they were not grounds to revoke his pretrial release. The State asserts there is no such limiting language in section 110-6(a) of the Procedure Code and, thus, revocation of a defendant's pretrial release is authorized by this provision, even if the offenses were committed outside of Illinois.

¶ 18        Defendant's challenge presents this court with a matter of statutory interpretation, which is subject to *de novo* review. *People v. Smith*, 2016 IL 119659, ¶ 15. "The primary objective of statutory construction is to ascertain and give effect to the true intent of the legislature." *People v. Clark*, 2019 IL 122891, ¶ 18. The best indicator of legislative intent is the plain language of the statute. *Id.* ¶ 20. "A court must view the statute as a whole, construing words and phrases in light of other relevant statutory provisions and not in isolation." *Id.* "[W]here the language used is plain and unambiguous, we may not depart from its terms or read into the rule exceptions, limitations, or conditions that conflict with the drafters' intent." (Internal quotation marks omitted.) *People v. Gorss*, 2022 IL 126464, ¶ 10.

¶ 19        Here, the plain language of section 110-6(a) of the Procedure Code provides a defendant's previously granted pretrial release may be revoked if the defendant "is charged with a

felony or Class A misdemeanor" for acts that allegedly occurred while the defendant was on pretrial release. See 725 ILCS 5/110-6(a) (West 2024); see also *McClure*, 2024 IL App (5th) 240027, ¶ 26 ("The plain language of section 110-6(a) [of the Procedure Code] establishes that if a defendant, while on pretrial release, commits a subsequent felony or Class A misdemeanor, said pretrial release may be revoked."); *People v. Miller*, 2025 IL App (1st) 250438, ¶ 36 (holding the plain language of section 110-6(a) of the Procedure Code provides a defendant's pretrial release may be revoked if he is charged with a felony or Class A misdemeanor, not merely under investigation for an offense). The State need only prove a defendant has been charged with such offenses; "section 110-6(a) [of the Procedure Code] contains no corresponding language that, in order to revoke the release, the State must prove that a defendant committed a felony or Class A misdemeanor while on pretrial release." *People v. Hammerand*, 2024 IL App (2d) 240500, ¶ 19. Further, there is no language in section 110-6(a) of the Procedure Code limiting those charges to crimes committed within Illinois, and it is not the role of the court to add conditions to plain and unambiguous statutory language. See *Gorss*, 2022 IL 126464, ¶ 10; see also *People v. Lewis*, 223 Ill. 2d 393, 402 (2006) ("[A] court may not add provisions that are not found in a statute."). Thus, we conclude the plain and unambiguous language of section 110-6(a) of the Procedure Code authorizes a court to revoke a defendant's pretrial release if the defendant is charged with felony or Class A misdemeanor in any state.

¶ 20    This conclusion is consistent with the stated intent of the Pretrial Fairness Act, which amended the Procedure Code. "The Pretrial Fairness Act sets forth a detailed scheme that balances the interests of defendants and the safety of the community, and the General Assembly stressed both interests ***." *People v. Cooper*, 2025 IL 130946, ¶ 37. Section 110-2(e) of the Procedure Code, after specifying that all persons charged with an offense are eligible for pretrial

release, states:

> "This Section shall be liberally construed to effectuate the purpose of relying on pretrial release by nonmonetary means to reasonably ensure an eligible person's appearance in court, the protection of the safety of any other person or the community, that the person will not attempt or obstruct the criminal justice process, and the person's compliance with all conditions of release, while authorizing the court, upon motion of a prosecutor, to order pretrial detention of the person under Section 110-6.1 when it finds clear and convincing evidence that no condition or combination of conditions can reasonably ensure the effectuation of these goals." 725 ILCS 5/110-2(e) (West 2024).

¶ 21 In addition, it is also consistent with the language of the Pretrial Fairness Act as a whole. When evaluating statutes, courts do not focus on a phrase or provision in a vacuum but must evaluate a provision in the context of a statute as a whole. *Girard v. White*, 356 Ill. App. 3d 11, 17 (2005). Further, courts are not to construe statutes in a manner that would lead to inconsistent or unjust results. *Id.* Under the Procedure Code, prior to granting a defendant pretrial release, the court is tasked with balancing the interests of the defendant against the safety of the community. See 725 ILCS 5/110-2(e) (West 2024); see also *Cooper*, 2025 IL 130946, ¶ 38 ("[C]ourts always have the obligation to consider the danger that a defendant poses to others and the community when deciding whether pretrial release is appropriate." (Emphasis omitted.)). Part of that evaluation is a consideration of "which conditions of pretrial release, if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2024). When a defendant is granted pretrial release, the Procedure Code

mandates several conditions of release and provides for additional conditions that may be imposed if they are necessary to achieve the goal of the Pretrial Fairness Act. *People v. Morgan*, 2025 IL 130626, ¶ 26; see 725 ILCS 5/110-10(a), (b) (West 2024). One of the mandatory conditions of pretrial release is that a defendant "[n]ot violate any criminal statute of any jurisdiction." 725 ILCS 5/110-10(a)(4) (West 2024). Additional conditions of release that may be imposed, relevant here, include prohibiting a defendant from leaving Illinois without leave of the court and requiring a defendant to refrain from possessing a firearm or other dangerous weapon. *Id.* § 110-10(b)(0.05), (2). Here, it would be inconsistent and unjust to find defendant, who was granted pretrial release on the specific statutory conditions that he not violate any criminal statute of any jurisdiction, not leave Illinois, and refrain from possession a firearm, was not subject to revocation of that pretrial release because he crossed the border into Iowa to commit the crimes.

¶ 22        Defendant argues the Procedure Code uses Illinois-specific terminology, by specifying a "Class A" misdemeanor, indicating the legislature intended the provision only apply to violations of Illinois law. However, Illinois courts are capable of evaluating an out-of-state offense to determine if there is a comparable offense under Illinois law. See, *e.g.*, *People v. McGhee*, 2020 IL App (3d) 180349, ¶¶ 50-54 (comparing the elements of the Iowa offense of second degree burglary to the Illinois offense of burglary to determine if the defendant's prior offense was a forcible felony); *People v. Cavins*, 288 Ill. App. 3d 173, 184 (1997) (finding no abuse of discretion in the trial court's determination a prior Iowa conviction was a similar class felony in order to trigger Illinois extended term sentencing). It is true that many statutes contain terminology specifically expanding their applicability to the laws of other states. See, *e.g.*, 720 ILCS 5/24-1.1(a) (West 2024) ("It is unlawful for a person to knowingly possess on or about his person or on his land *** any firearm or any firearm ammunition if the person has been convicted

of a felony under the laws of this State or any other jurisdiction."); *id.* § 11-9.1(c)(1) ("A second or subsequent violation of this Section or a substantially similar law of another state is a Class 4 felony."). However, this argument is subsumed in our prior analysis of the language used by the legislature. If the legislature intended to limit the charges to Illinois charges, it could have done so, but it did not. See *People v. Keene*, 296 Ill. App. 3d 183, 190 (1998) (distinguishing a sentencing provision that specified in Illinois from one that was silent on location); see also *People v. Daniels*, 194 Ill. App. 3d 648, 650 (1990) ("[T]he very absence of any reference to Illinois offenses in [a prior version of a sentencing statute] indicates a legislative intent to deny probation to defendants who have been previously convicted of a felony in other jurisdictions.").

¶ 23        Defendant also points out that the bail revocation version of section 110-6(a), before it was amended as part of the Pretrial Fairness Act, contained language referring to felonies committed in other jurisdictions, but the legislature omitted that language when it amended section 110-6. See 725 ILCS 5/110-6(f) (West 2020) ("Where the alleged violation consists of the violation of one or more felony statutes of any jurisdiction which would be a forcible felony in Illinois or a Class 2 or greater offense *** the court shall, on the motion of the State or its own motion, revoke bail."). Under the rules of statutory construction, the amendment of a statute to add or omit language can be evidence of the legislature's intent. See *People v. Hare*, 119 Ill. 2d 441, 451 (1988) ("Whether a legislative modification of a statute is held to indicate an intent to change the law as it previously existed or only to clarify the terms of the law depends upon the circumstances involved."). Here, though, the amendment was part of an overhaul of the entire pretrial release scheme, and we find the change in language does not change our analysis above. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 1 ("[The Pretrial Fairness Act] dramatically changed the statutory framework for pretrial release of criminal defendants in Illinois.").

¶ 24        In this case, the State presented information comparing the elements of the charged

Iowa offenses to Illinois offenses, asserting many of the charges were comparable to felonies and

Class A misdemeanors in Illinois. The trial court acknowledged the comparisons made by the State

but rejected the charges out of hand because they were Iowa offenses. As noted above, we construe

the Procedure Code as a whole, and we conclude the absence of limiting language in section 110-

6 of the Procedure Code is determinative. See *Jackson v. Board of Election Commissioners of*

*Chicago*, 2012 IL 111928, ¶ 48 ("The statute should be evaluated as a whole, with each provision

construed in connection with every other section."). We conclude the trial court made an error of

law when it determined that it was not authorized by the Procedure Code to revoke defendant's

pretrial release for criminal offenses committed outside of Illinois.

¶ 25                    B. No Conditions of Release

¶ 26        Defendant also contends the State failed to prove by clear and convincing evidence

that no conditions of release would reasonably ensure his appearance in court and prevent

additional charges. Defendant argues the State has waived any argument on this issue because it

was not included in the State's motion for relief, but, in any event, it fails on the merits.

¶ 27        As an initial matter, we reject defendant's waiver argument. The State argued at the

original revocation hearing "that there's absolutely no condition or combination of conditions that

are going to protect the general public or prevent the defendant from being charged with additional

felonies or Class A misdemeanors." The trial court denied the State's petition to revoke on the first

element, finding defendant was not charged with an Illinois felony or Class A misdemeanor, which

we concluded above was an error of law.

¶ 28        To revoke a defendant's pretrial release, the State must also prove, by clear and

convincing evidence, there are no conditions or combination of conditions of release that would

- 11 -

reasonably ensure defendant's appearance at later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. 725 ILCS 5/110-6(a) (West 2024). Our review of the record, considering the Iowa charges and defendant's concomitant violations of his conditions of pretrial release, indicates the current conditions of pretrial release are not sufficient. However, the trial court never reached the issue of conditions, and it is not the role of this court to make that determination in the first instance. Accordingly, we must remand for the trial court to determine if the State met its burden of proving there were no conditions of pretrial release that would protect the public or prevent defendant from being charged with additional offenses.

¶ 29                                    III. CONCLUSION

¶ 30        For the reasons stated, we reverse the trial court's judgment and remand for the court to conduct a new hearing on the State's petition to revoke defendant's pretrial release.

¶ 31        Reversed and remanded.

*People v. Ford*, **2026 IL App (4th) 260369**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Rock Island County, Nos. 23-CF-65, 23-CF-811; the Hon. Peter W. Church, Judge, presiding. |
| **Attorneys for Appellant:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |
| **Attorneys for Appellee:** | James E. Chadd, Carolyn R. Klarquist, and Elizabeth M. Crotty, of State Appellate Defender's Office, of Chicago, for appellee. |